UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE STANLEY,

              Plaintiff(s),          CASE NUMBER: 07-13114
                                     HONORABLE VICTORIA A. ROBERTS

v.

BETH HAND, et al.,

              Defendant(s).
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff Johnnie Stanley's Motion for Reconsideration. On February 1, 2008, the Court entered an Order adopting Magistrate Judge Charles Binder's Report and Recommendation because neither party filed objections within the time allowed under 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(3), which time was extended for Plaintiff at his request. The Court also denied Plaintiff's Motion for Leave to File an Amended Complaint, because it found that the proposed amendment did not correct fatal defects in Plaintiff's Complaint and, therefore, would be futile.

Plaintiff, an inmate acting *in pro per*, asks the Court to reconsider its rulings. Plaintiff asserts that the Court erred by: 1) adopting the Magistrate's finding that he is attempting with this 42 U.S.C. §1983 action to collaterally attack his state court criminal conviction, and 2) finding that his proposed amendments would be futile.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if

1

the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v Titan Tire Corp.*, 177 F.Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3). Plaintiff failed to make this showing.

A party who fails to file timely objections to a magistrate's report and recommendation despite receiving notice of the time to file objections and consequences for failing to do so, waives his right of appeal except upon grounds of plain error. *Thomas v Arn,* 474 U.S. 140, 155 (1985); *Kent v Johnson,* 821 F.2d 1220, 1222-23 (6th Cir. 1987). Plaintiff received the requisite notice and advice regarding the consequences for failing to timely object, but he relies upon the Seventh Circuit's decision in *United States v Campbell*, 294 F.3d 824 (7th Cir. 2002), to establish that the Magistrate's ruling was plain error.

In *Campbell*, the defendant moved in the district court for an order directing disclosure of grand jury information for use in his petition for writ of *certiorari* in the United States Supreme Court to challenge the validity of the indictment. On appeal of the district court's denial, the government asserted that defendant's motion should be construed as an unauthorized collateral attack and dismissed. The Seventh Circuit held that, despite defendant's intention to use the grand jury information in support of a collateral attack, his motion was not an attack on the fact or duration of his confinement because he only requested disclosure of what occurred before the grand jury. Plaintiff

2

Stanley contends the same reasoning applies here and that the Magistrate erred in his ruling to the contrary.

A seemingly conflicting Seventh Circuit opinion which preceded *Campbell*, however, provides support for the Magistrate's ruling. In *Scruggs v Moellering,* 870 F.2d 376 (7th Cir. 1989), *abrogated on other grounds by*, *Antoine v Byers & Anderson, Inc.*, 508 U.S. 429 (1993), defendant filed a §1983 action requesting an order that an accurate trial transcript be prepared (as defendant claimed the trial judge, prosecutor, and court reporter falsified the transcript) for use in his appeal of his conviction. On appeal of the dismissal of the complaint, the Seventh Circuit held that a §1983 action is an improper vehicle for a request for injunctive relief when the purpose is solely to facilitate an attack on a conviction, even if the defendant does not in his complaint directly challenge his conviction or sentence. The Magistrate Judge relied upon *Scruggs* for its finding that Plaintiff's complaint amounts to an improper collateral attack.

It is not clear how or whether *Campbell* can be reconciled with *Scruggs*. And, in light of this conflicting authority, it is not apparent that the Magistrate committed plain error.

It is unnecessary, however, for the Court to resolve the conflict. Regardless of whether the Magistrate erred in finding that Plaintiff's complaint is an improper collateral attack, Plaintiff has not demonstrated that the Magistrate erred in his finding that the Complaint suffers from fatal procedural defects because his request for grand jury disclosures is not "made in connection with a judicial proceeding," as required by FRCrP 6(e)(3)(E)(i). Nor has Plaintiff established a palpable defect in the Court's finding that the proposed Amended Complaint suffers from the same procedural defects. Plaintiff

only reasserts arguments which were already considered and rejected. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

Plaintiff's motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 7, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 7, 2008.

s/Carol A. Pinegar
Deputy Clerk